IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-763-FL

| | |
|---|---|
| MICHAEL S. PRINCE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 16, 18).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed (DE 22). Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on July 16, 2009, alleging disability beginning June 30, 2008. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ")

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

who determined that plaintiff was not disabled during the relevant time period in a decision issued June 2, 2011. On October 28, 2011, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on December 29, 2011, for review of the final administrative decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: sclerosing cholangitis and degenerative disc disease. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with some physical limitations. The ALJ then determined that plaintiff did not have the RFC to perform under the requirements of his past relevant work. However, at step five, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.  Analysis

Plaintiff objects to the M&R on the following grounds: (1) the assessment of defendant's finding that plaintiff's ulcerative colitis was not a severe impairment; (2) the assessment of defendant's consideration of medical opinion evidence; and (3) the assessment of ALJ's RFC determination.

It is only where a person has "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations" that the ALJ will find no "severe" impairment. See Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984). Mere diagnosis of a condition is not enough to prove disability without "a showing of related functional loss." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Although the ALJ did not consider plaintiff's ulcerative colitis at step two of the analysis, this alleged error alone does not justify remand. As this court has previously noted, where an ALJ nonetheless proceeds with the sequential evaluation upon the basis of other severe impairment(s), the failure to consider whether any other impairment also qualifies as "severe" is harmless error. See Pittman v. Astrue, No. 5:08-CV-83-FL, 2008 WL 4594574, at *4 (E.D.N.C. Oct. 10, 2008); accord Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008); Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987). In this case, the ALJ evaluated plaintiff's ulcerative colitis in her RFC analysis, making several findings about the condition based upon doctors' reports and treatment records. R. 15-17, 203, 204, 208, 365, 367, 373, 374. The ALJ's finding that plaintiff's ulcerative colitis was not severe is supported by the record. Furthermore, the record shows that the ALJ considered the ulcerative colitis subsequently, so any such error at step two, would have been harmless error. See Pittman, 2008 WL 4594574, at *4.

4

Second, plaintiff objects to the magistrate judge's determination that the ALJ properly weighed the opinion of plaintiff's treating physician, Dr. Smith. Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. By contrast "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p; see also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (holding that a treating physician's opinion in entitled to controlling weight *only* if it is supported by clinical and laboratory diagnostic techniques, *and* if it is not inconsistent with other evidence).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ's decision must contain "specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. The ALJ considered the opinion of plaintiff's treating physician, Dr. Smith. R. 390-91. Plaintiff argues that Dr. Smith's opinion should be given controlling weight as to the extent of plaintiff's ability to work. The ALJ specified that Dr. Smith's opinion was given less weight because it was inconsistent with plaintiff's medical records (created both by Dr. Smith and other treating physicians) and daily activities. R.17. Upon close scrutiny of the ALJ's findings as well as the specific citations he made to the record, the court finds that he thoroughly considered the factors required to be considered in not fully adopting Dr. Smith's

5

opinion. As such, Dr. Smith's opinion as a treating physician was not entitled to controlling weight. See Mastro, 270 F.3d at 178. Therefore, plaintiff's second objection is also overruled.

Plaintiff's third objection is that the RFC was not proper because Dr. Smith's opinion was not properly weighed. An individual's RFC is defined as that capacity which an individual possesses despite the limitations caused by his physical or mental impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC assessment is based on all relevant medical and other evidence in the record and can include a plaintiff's own description of his limitations arising from certain symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). When a plaintiff has a number of impairments, including some deemed not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); see Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). The RFC assessment must include discussion of why reported symptom-related limitations and restrictions can or cannot be reasonably accepted as consistent with medical and other evidence. S.S.R. 96-8p. The RFC must consider and address medical source opinions and if the RFC conflicts with a medical source opinion, the ALJ must explain why the medical opinion was not adopted. Id. As discussed above, the ALJ did properly weigh and account for affording less weight to Dr. Smith's opinion. Therefore, it is not the role of the court to second guess the thorough RFC analysis already conducted by the ALJ.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 22), DENIES plaintiff's motion for judgment on the pleadings (DE 16),

GRANTS defendant's motion for judgment on the pleadings (DE 18), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 25TH day of April, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge